ISAAC RAKOW, Appellant, v. ANNIE WENIG, MAX WENIG, JULIUS A. WENIG and 6400–4TH AVE., B'KLYN, INC., Respondents.—Judgment reversed on the law, with costs, and judgment directed for the plaintiff, with costs. Conclusions of law numbered fourth, fifth, sixth and seventh are reversed, and new conclusions will be made. Since the conveyance by defendant Annie Wenig to defendant 6400–4th Ave. B'klyn, Inc., was an absolute conveyance and was not in satisfaction of an antecedent indebtedness to the Midtown Bank of New York, there was no fair consideration within the meaning of subdivision a of section 272 of the Debtor and Creditor Law. We are of opinion that the decision by the learned trial court may not be construed as finding that the conveyance was " to secure a present advance or antecedent debt," within the meaning of subdivision b of section 272 (supra). Young, Hagarty, Davis, Johnston and Adel, JJ., concur. Settle order on notice.

GEORGE SCHAD, as Administrator, etc., of HATTIE SCHAD, Deceased, Appellant, v. EMMA M. COURTNEY, Respondent.—Action by an administrator to recover for money loaned by decedent and evidenced by defendant's promissory notes. The defense was payment. Judgment for defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.

AARON SCHEK, Respondent, v. MATTIO KAPLAN and SAM ELIAS, Individually and as Copartners, Doing Business under the Firm Name and Style of KAPLAN & ELIAS, Appellants.— In an action to recover for breach of a contract of employment and for wages unpaid during the term of employment, the plaintiff had a verdict. Judgment and order denying motion to set aside the verdict unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.

NICHOLAS SEIBERT, as Administrator, etc., of NICHOLAS SEIBERT, JR., Deceased, Respondent, v. AUGUST MOESCHLE, Appellant.—Action to recover damages for the death of plaintiff's intestate, a boy four years and nine months old, who was struck by defendant's truck while crossing a street. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

ELSIE SMITH, Appellant, v. THOMAS P. SMITH, JR., Respondent.— In an action for a separation, judgment dismissing the complaint upon the merits reversed upon the law and the facts and judgment directed in favor of the plaintiff granting her judgment of separation, with costs, together with alimony for plaintiff's maintenance in the sum of thirty-five dollars per week, from the date of the entry of the judgment hereon, based upon the ground of cruelty and inhuman conduct on the part of the defendant. We are of the opinion that the record discloses such conduct on the part of the defendant as to render it improper and unsafe for the plaintiff to live with the defendant. Findings of fact 4 and 5 and the conclusion of law of the decision are reversed and plaintiff's proposed findings of fact and conclusions of law, as set forth in the record, are found, as follows: Findings of fact 4, 5, 7, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, 24, 26, 27, 28, 29, 30, 31, 32 and 33. Conclusions of law 1, 2 and 4 are also found. And this court further finds as a conclusion of law that the plaintiff is entitled to an allowance of alimo from the defendant for her own maintenance in the sum of thirty-five dollars p week, to begin from the time of the entry of the judgment hereon. Lazansky, P. J., Young, Davis and Adel, JJ., concur; Johnston, J., dissents and votes to affirm.